IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| CHARLES F. ANTHONY, | ) | CASE NO.1:18-CV-02833-JRK |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES R. KNEPP, II |
| | ) | United States District Judge |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN BRIGHAM SLOAN, | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| | ) | REPORT & RECOMMENDATION |
| Defendant, | ) | |

**Introduction**

Before me by referral[1] is the *pro se* petition of Charles F. Anthony for a writ of habeas corpus under 28 U.S.C. §2254.[2] Anthony is incarcerated by the State of Ohio at the Lake Erie Correctional Institution in Conneaut, Ohio where he is serving a sentence of eleven years in prison imposed in 2017 at Anthony's second re-sentencing[3] by the Cuyahoga County Court of Common

---

[1] The matter was initially referred to me for a Report and Recommendation under Local Rule 72.2 by United States District Judge Jack Zouhary in a non-document order entered on December 18, 2018. Pursuant to General Order 2020-26, on December 2, 2020, the case was re-assigned to United States District Judge James R. Knepp II, which re-assignment does not affect the referral.
[2] ECF No. 1.
[3] ECF No. 7, Attachment (State court record) at 330.

Pleas after Anthony pled guilty, as part of a plea deal in 2013, to one count of involuntary manslaughter and one count of felonious assault.[4]

In his petition, Anthony raises three grounds for habeas relief asserting, *inter alia*, that:

(1) the trial court erred in accepting the guilty plea to manslaughter when not all elements of that crime were proven;[5]

(2) his sentence, insofar as it was enhanced with a repeat violent offender specification, is contrary to law because the trial court did make the requisite findings;[6] and

(3) the trial court erred by using inappropriate or inaccurate information in assessing the seriousness of the offense and Anthony's risk of recidivism, resulting in a disproportionate sentence that is contrary to law.[7]

Anthony also seeks an evidentiary hearing.[8]

In its return of the writ, the State argues that:

Ground One should be dismissed because the guilty plea waived any claims of insufficient evidence;[9]

---

[4] *Id*. at 9. At the second re-sentencing, the trial court merged the felonious assault count with the involuntary manslaughter count and the State elected to proceed on the involuntary manslaughter charge. *Id*. at 330.
[5] ECF No. 1 at 5.
[6] *Id*. at 6.
[7] *Id*. at 8.
[8] *Id*. at 14.
[9] ECF No. 7 at 13-15.

Ground Two should be dismissed because, at his second re-sentencing (*i.e.*, the sentence Anthony is now serving), no repeat violent offender specification was imposed;[10] and

Ground Three -disproportionate sentence – should be dismissed as a non-cognizable state law claim.[11]

Anthony filed a traverse.[12] In addition, without prior judicial approval, he submitted a purported one supplement to his petition,[13] which was followed several months later by a motion to file a second supplement.[14] The latter motion has been granted in a non-document order.

For the reasons that follow, I will recommend that this petition be denied and part and dismissed in part.

## Facts

Background facts, plea and original sentence

The underlying facts were presented by the State at the original sentencing hearing and later set forth by the Ohio appeals court[15] in its adjudication of the first direct appeal, which decision resulted in a remand for the first re-sentencing.[16] Anthony and the victim were friends and had been drinking and doing drugs on the night of the incident.[17] At some point, they started

---

[10] *Id*. at 15-16.
[11] *Id*. at 16-18.
[12] ECF No. 8.
[13] ECF No. 9.
[14] ECF No. 10.
[15] Facts found by the state appeals court are presumed correct. 28 U.S.C. §2254(e)(1).
[16] ECF No. 7, Attachment at 90.
[17] *Id*.

arguing and, during the argument, Anthony stabbed the victim four times "on the victim's backside," which resulted in the victim's death.[18]

Anthony was indicted on charges of aggravated murder, murder, and two counts of felonious assault.[19] All charges carried a notice of prior conviction and repeat violent offender specifications.[20] Anthony pled not guilty.[21] After the State amended the indictment to change the murder charge to one of involuntary manslaughter, a plea deal was done where Anthony pled guilty to the charge of involuntary manslaughter and one count of felonious assault, the State agreed to dismiss the remaining charges and the parties agreed to recommend a prison sentence of between 11 and 17 years in prison.[22]

On November 19, 2013, the trial court held a plea hearing and accepted Anthony's plea.[23] One month later, on December 19, 2013, the trial court conducted a sentencing hearing[24] at which Anthony, who was 64 years old at the time, acknowledged being friends with the victim and expressed sorrow and remorse for the killing, which Anthony stated he did not mean to happen.[25] The trial judge then sentenced Anthony to an aggregate term of 13 years in prison, to be followed by five years of post-release control.[26]

Original sentence to first re-sentence

---

[18] *Id*.
[19] *Id*. at 1.
[20] *Id*.
[21] *Id*. at 5.
[22] *Id*. at 9.
[23] *Id*. at 450-59.
[24] *Id*. at 460-69.
[25] *Id*.
[26] *Id*.

Following the original sentence in 2013, Anthony appealed his conviction to the Ohio appeals court,[27] which then reversed, in part, the decision of the trial court,[28] finding that the trial court erred when it failed to merge felonious assault and involuntary manslaughter. The appeals court thus vacated the sentence and remanded the matter for re-sentencing.[29] Within a month, Anthony filed an appeal from this decision the appeals court with the Ohio Supreme Court highlighting two other issues raised before the appeals court but not resolved there in his favor.[30] On October 28, 2015, the Ohio Supreme Court declined to accept jurisdiction.[31]

On June 29, 2015, while the direct appeal was still pending, Anthony filed a Rule 26(B) application to re-open his appeal on the grounds that his appellate counsel was ineffective for not arguing that the trial court acted improperly in accepting a guilty plea to charges that constituted allied offenses and for not arguing that his plea was not knowing, voluntary and intelligent.[32] After the State responded,[33] Anthony moved to dismiss his own petition,[34] which motion was granted on August 19, 2015.[35]

Shortly after that, and also prior the re-sentencing ordered by the Ohio appeals court, Anthony sought a federal writ of habeas corpus on November 30, 2015.[36] Pursuant to the analysis contained in a Report and Recommendation entered on March 31, 2016,[37] which was subsequently

---

[27] *Id*. at 34.
[28] *Id*. at 90.
[29] *Id*.
[30] *Id*. at 133.
[31] *Id*. at 210.
[32] *Id*. at 211.
[33] *Id*. at 232.
[34] *Id*. at 240.
[35] *Id*. at 242-43.
[36] *Id*. at 244.
[37] *Id*. at 258.

adopted,[38] this petition was dismissed without prejudice for lack of jurisdiction because Anthony's conviction was not final, since he had yet to be re-sentenced.[39]

First re-sentencing

On April 25, 2016, Anthony was re-sentenced by the trial court to a term of 11 years in prison as to his conviction for involuntary manslaughter and two years in prison for his felonious assault conviction, with the terms to be served concurrently.[40] Anthony then appealed, asserting, *inter alia*, that his convictions were for allied offenses that should have merged, along with other arguments.[41]

After the State responded,[42] on May 11, 2017, the Ohio appeals court sustained the two assignments of error related to allied offenses and vacated the sentence, remanding the matter in order that the offenses could be merged and the State could elect the offense on which to proceed.[43]

Second re-sentencing, current incarceration

Anthony's second re-sentencing hearing was held on August 10, 2017.[44] At the hearing, the court merged the counts of involuntary manslaughter with felonious assault and the State elected to proceed on the charge of involuntary manslaughter.[45] Anthony was then sentenced to a term of 11 years in prison.[46]

---

[38] *Id*. at 260-61.
[39] *Id*. at 259-59.
[40] *Id*. at 262.
[41] *Id*. at 272.
[42] *Id*. at 311.
[43] *Id*. at 321.
[44] *Id*. at 330.
[45] *Id*.
[46] *Id*.

On August 28, 2017, Anthony, *pro se*, timely[47] appealed the sentence.[48] In his brief, he asserted the following five assignments of error:

1. Defendant-Appellant's constitutional and due process rights were violated when the trial court accepted Defendant-Appellant's guilty plea to the charge of manslaughter despite the elements of the charge not being supported by the facts of the case herein.

2. Appellant asserts that his sentence is contrary to law because Appellant's sentence under RVO specification without making the requisite findings. The record herein does not establish the criteria set forth in R.C. §2929.14(B)(2)(a) or (b).

3. Trial court erred by using factual information as factors pursuant to R.C. §2929.12, seriousness and recidivism factors to determine Defendant's length of sentence which resulted in a disproportionate sentence in violation of R.C. §2929.11(B) therefore making Defendant's sentence contrary to law.

4. The trial court's imposition of an 11-year sentence was unreasonable, disproportionate and inconsistent with sentences imposed upon other defendants sentenced for the identical offense over the past 5 years in violation of R.C. §2929.11(B), as well as the due process, equal protection and Eighth Amendment of the United States Constitution.

---

[47] To be timely, Ohio App. R. 4(A) states that an appeal must be filed within 30 days of the trial court's entry of judgment.
[48] ECF No. 7, Attachment at 333-34.

     5.       The trial court erred when it failed to follow the remand instructions of the Eighth District Court of Appeals of Ohio, Cuyahoga County in the case of *State v. Anthony*, (8th Dist.) No. 104497, issued May 11, 2017.[49]

The State filed a responsive brief,[50] to which Anthony replied.[51] On May 24, 2018, the Ohio appeals court overruled all assignments of error, affirming the judgment of the trial court.[52] Anthony moved for reconsideration,[53] which motion was denied.[54]

On June 28, 2018, Anthony, *pro se*, timely[55] appealed to the Supreme Court of Ohio.[56] In his jurisdictional memorandum, Anthony presented the following five propositions of law:

     1.       Appellant's constitutional and due process rights were violated when the trial court accepted the Appellant's guilty plea to the charge of manslaughter despite the elements of the charge not being supported by the facts of the case herein.

     2.       Appellant asserts that his sentence is contrary to law because the trial court erred in enhancing Appellant's sentence under RVO specifications without making the requisite findings. The record herein does not establish the criteria set forth in R.C. §2929.14(B)(2)(a) or (b).

     3.       Trial court erred by using factual inaccuracies and/or inappropriate information as factors pursuant to R.C. §2929.12, seriousness and recidivism factors to determine Defendant's

---

[49] *Id*. at 341.
[50] *Id*. at 375.
[51] *Id*. at 383.
[52] *Id*. at 397.
[53] *Id*. at 406
[54] *Id*. at 417.
[55] Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i) provides that notice of appeal must be filed with the Ohio Supreme Court within 45 days of the appellate judgment being appealed.
[56] ECF No. 7, Attachment at 418.

length of sentence which resulted in a disproportionate sentence in violation of R.C. §2929.11(B), therefore making Defendant's sentence contrary to law.

4. The trial court's imposition of an 11-year sentence was unreasonable, disproportionate and inconsistent with sentences imposed upon all Defendants sentenced for identical offenses over the last 5 years in violation of R.C. §2929.11(B), as well as the due process, equal protection and Eighth Amendment to the United States Constitution.

5. The trial court erred when it failed to follow the remand instructions of the Eighth District Court of Appels of Ohio, Cuyahoga County in the case of *State v. Anthony*, (8th Dist.) No. 104497, issued May 11, 2017.[57]

The State waived a response[58] and on August 15, 2018, the Supreme Court of Ohio declined jurisdiction, dismissing the case.[59]

### Current Federal Habeas Petition

On December 4, 2018,[60] Anthony, *pro se*, timely[61] filed the present habeas petition raising the following three grounds for relief:

---

[57] *Id*. at 420.
[58] *Id*. at 448.
[59] *Id*. at 449.
[60] ECF No. 1 at 14. This is the date Anthony placed the petition in the prison mail system and is thus the date of filing. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).
[61] 28 U.S.C. §2254(d)(1). Anthony's direct appeal ended on August 15, 2018 when the Ohio Supreme Court dismissed his appeal. The federal habeas petition was filed less than four months later.

1. Anthony's constitutional and due process rights were violated when the trial court accepted Anthony's guilty plea to the charge of manslaughter despite the elements of the charge not being supported by the facts of the case herein.[62]

2. Anthony asserts that his sentence is contrary to law because the trial court erred in enhancing Anthony's sentence under RVO specification without making the requisite findings. The record herein does not establish the criteria set forth in O.R.C. §2929.14(B)(2)(a) or (b).[63]

3. Trial court erred by using factual inaccuracies and/or inappropriate information as factors pursuant to O.R.C. §2929.12, seriousness & recidivism factors to determine Defendant's length of sentence which resulted in a disproportionate sentence in violation of O.R.C. §2929.11(B). Therefore, making Defendant's sentence contrary to law.[64]

In addition to these grounds for relief, Anthony seeks an evidentiary hearing for the purpose of "allowing this Court to get a clearer view of the evidence."[65]

The State filed a return of the writ,[66] to which Anthony responded with a traverse.[67] As noted above, Anthony submitted a supplement to the petition for which no prior approval was sought or obtained. Further, he then sought approval to file a second supplement,[68] which motion has been denied in a non-document order.

**Analysis**

---

[62] ECF No. 1 at 5.
[63] *Id.* at 6.
[64] *Id.* at 8.
[65] *Id.* at 14.
[66] ECF No. 7.
[67] ECF No. 8.
[68] ECF No. 10.

Preliminary observations

Before proceeding further, I make the following preliminary observations:

1. There is no dispute that Anthony is in custody of the State of Ohio as the result of his conviction and sentence by an Ohio court in the matter that is the subject of this petition and was so incarcerated when he filed this petition, thus vesting this Court with jurisdiction.[69]

2. There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[70]

3. In addition, this is not a second or successive petition for federal habeas relief arising from this conviction and sentence.[71]

4. Further, as is set forth above, all the claims asserted here have been fully exhausted as a result of having been presented to Ohio courts through one full round of Ohio's established appellate review procedure.

5. Finally, although Anthony has not sought the appointment of counsel, he does request an evidentiary hearing.[72] In that regard, as the Supreme Court stated in *Cullen v. Pinholster*,[73] where the state court adjudicated a claim on the merits, "the record under review [by the federal habeas court] is limited to the record in existence at that same time, *i.e.*, the record before the state court."[74] Further, where the federal claims are non-cognizable or procedurally

---

[69] 28 U.S.C. §2254(a).
[70] 28 U.S.C. §2254(d)(1).
[71] 28 U.S.C. §2254(b). Anthony responded "N/A" to this question on his petition. ECF No. 1 at 14. As noted earlier, a prior petition arising from an earlier sentence in this matter was dismissed without prejudice.
[72] ECF No. 1 at 14.
[73] 538 U.S. 170 (2011).
[74] *Id*. at 181-82.

defaulted, such claims require no further factual development and thus an evidentiary hearing is not needed.[75] Thus, I recommend that Anthony's request here for an evidentiary hearing be denied.

Recommended adjudication

*Ground One*

In Ground One, Anthony argues that the trial court erred in accepting his guilty plea to manslaughter because the facts supporting the elements of that charge were not established.

The Ohio court here began its review of this claim by noting that under Ohio law a court conducting a re-sentencing on remand may only address the sentencing error while "the guilty verdicts underlying the defendant's sentence remain the law of the case and are not subject to review."[76] Further, the Ohio court noted, any prior issues not raised in a prior appeal are outside the scope of the re-sentencing remand and precluded from review by the doctrine of *res judicata*.[77] Thus, the defendant on re-sentencing is limited to raising objections to any issue that may arise during the re-sentencing hearing.[78]

Accordingly, as to Anthony's argument that the trial judge erred by accepting his plea when there was no evidentiary support for the offense, the Ohio appeals court found that the re-sentencing judge had no jurisdiction to consider such a claim since it did not arise during the re-sentencing hearing.[79]

---

[75] *Johnson v. Eppinger*, 2020 WL 8771326, at *20 (N.D. Ohio June 1, 2020) (Knepp. MJ) (citations omitted), R&R adopted, *Johnson v. Foley*, 2021 WL 861509 (N.D. Ohio Mar. 8, 2021).
[76] ECF No. 7, Attachment at 401 (internal quotation and citation omitted).
[77] *Id*. at 401-02 (citation omitted).
[78] *Id*. at 402.
[79] *Id*.

The State here goes further and notes that in addition to this claim being barred by *res judicata* from being raised in an appeal from a re-sentencing, federal law provides that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense … he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."[80] Rather, he is limited to only raising an issue of whether his plea was knowing and voluntary.[81]

Here, as the record of Anthony's claims on appeal following his second re-sentencing establish, as well as in Ground One now, there is no claim that his plea was not knowing and voluntary, only that accepting it was improper because the underlying facts did not show that the elements of the offense were established. That claim is, as the Ohio court noted, outside of the scope of the sentencing remand as well as precluded by *res judicata*. Here, because Anthony did not raise a cognizable federal claim of the voluntary and knowing nature of the plea, Ground One should now be dismissed as a non-cognizable issue of state law.[82]

Alternatively, I note that the Ohio court found this claim, rooted in the original plea, barred by *res judicata* from being asserted at the re-sentencing. Thus, Ground One is also procedurally defaulted because Anthony did not properly raise it in his first direct appeal and was barred from raising it in the appeal from the re-sentencing.[83]

---

[80] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

[81] *Boykin v. Alabama*, 395 U.S. 238, 244 (1969).

[82] In that regard, even if the claim were not precluded by *res judicata*, which the Ohio court found, the exact claim asserted in Ground One remains a non-cognizable federal claim. Although Anthony later attempts to recast this claim in his traverse as involving an unknowing plea (ECF No. 8 at 1-4) it is well-settled that a federal habeas petitioner must present the same claim on the same theory to the federal court as was presented to the state court. *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987).

[83] See, *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994).

*Ground Two*

Anthony claims in Ground Two that his sentence was improperly enhanced by the RVO specification.

The appellate court found, as a matter of fact, that the trial court expressly declined to impose an enhanced sentence based on RVO specifications.[84] Indeed, the transcript of the re-sentencing hearing records the trial judge as explicitly stating:

> Count 3 is now merged into Count 2. So for purposes of sentencing, the Court is going to impose a sentence under Count 2 of 11 years. I am not going to do as the State wants, which is the RVO spec to give you additional years.[85]

Accordingly, I recommend that Ground Two be denied as without merit.

*Ground Three*

In Ground Three Anthony contends that he received a "disproportionate" sentence as a result of the trial court considering improper or inaccurate information.

As a general rule, a claim, such as here, that a state court sentencing decision violated state statutory law does not raise a federal constitutional issue.[86] Moreover, as long as the sentence remains within the statutory limits, trial courts have historically been given "wide discretion" in determining the exact sentence in an individual case.[87] Specifically, a sentence within the statutory

---

[84] ECF No. 7, Attachment at 402.
[85] *Id*. at 476.
[86] *Pulley v. Harris*, 465 U.S. 37, 41 (1984).
[87] *Williams v. New York*, 337 U.S. 241, 245 (1949).

maximum is neither "extreme" or "grossly disproportionate" so as to violate the Eighth Amendment's prohibition of cruel and unusual punishment.[88]

Moreover, as a matter of Ohio law, the Ohio appeals court explicitly held that the sentence here was within the statutory range for the offense of involuntary manslaughter and that the trial court considered all the required factors of the statute in finding that prison was consistent with the purpose of the statute.[89] This conclusion by the Ohio appellate court that the trial court did not violate Ohio law in imposing sentence on Anthony must be accepted as valid by the federal habeas court.[90]

## Conclusion

For the foregoing reasons, I recommend that the petition of Charles F. Anthony for a writ of habeas corpus under 28 U.S.C. §2254 be denied in part and dismissed in part as is more fully set forth above, and that his request for an evidentiary hearing be denied.

IT IS SO RECOMMENDED.

Dated: March 9, 2022　　　　　　　　　　　　　　　s/William H. Baughman Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[88] *Harmelin v. Michigan*, 501 U.S. 957, 959 (1991).
[89] ECF No. 7, Attachment at 403-05.
[90] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." See also, *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). "A federal court must accept as valid a state court's interpretation of that state's statutes and rules of practice."

## NOTICE REGARDING OBJECTIONS

Any party may object to this Report and Recommendation. To do so, you must serve and file your objections with the Clerk of Court within 14 days after being served with this Report and Recommendation. If this document is being served on you by mail, service by mail is complete when the document is mailed, not when you receive it. If you fail to serve and file your objections within this 14-day time period, you forfeit your rights appeal, absent a showing of good cause for such failure.