IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CHARLES F. ANTHONY,** | CASE NO. 1:18 CV 2833 |
| Petitioner, | |
| v. | JUDGE JAMES R. KNEPP II |
| **WARDEN BRIGHAM SLOAN,** | |
| Respondent. | **MEMORANDUM OPINION AND ORDER** |

### INTRODUCTION

*Pro se* Petitioner Charles F. Anthony ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge William H. Baughman, Jr. for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On March 9, 2022, Judge Baughman issued an R&R recommending the Petition be denied in part and dismissed in part. (Doc. 11). Following this Court's grant of an extension of time, on April 19, 2022, Petitioner filed his Objections thereto. (Doc. 13).

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court OVERRULES Petitioner's Objections, ACCEPTS the R&R, and DENIES and DISMISSES the Petition.

### BACKGROUND

The present petition arises out of Petitioner's 2013 guilty plea and subsequent sentence by the Cuyahoga County Court of Common Pleas. *See State v. Anthony*, 2015-Ohio-2267 (Ohio Ct. App.) ("*Anthony I*"). Petitioner was indicted on charges of aggravated murder, murder, and

felonious assault. *Id.* at ¶ 3. After initially pleading not guilty, Petitioner later pleaded guilty to an amended indictment of involuntary manslaughter and felonious assault. *Id.* at ¶ 4. These charges arose out of the following facts:

> {¶ 48} The state presented the facts at the sentencing hearing. Anthony and the victim were friends. They had been drinking and doing drugs on the night of the incident. At some point, they started arguing. And then Anthony stabbed the victim four times "on the victim's backside."

*Id.* at ¶ 48 (Ohio Ct. App.) ("*Anthony I*"). In August 2013, the trial court sentenced Petitioner to eleven years imprisonment for involuntary manslaughter, and two years for felonious assault, to be served consecutively. *Id.* at ¶ 5. Petitioner appealed, and the appellate court found the trial court erred in failing to merge the two charges for purposes of sentencing; it remanded for a resentencing. *Id.* at ¶ 59.

In April 2016, the trial court conducted that resentencing. *See State v. Anthony*, 2017-Ohio-2756, at ¶ 5 (Ohio Ct. App.) ("*Anthony II*"). The court again sentenced Petitioner to eleven years on the involuntary manslaughter count, and two years on the felonious assault count, this time to be served concurrently. *Id.* Petitioner appealed, and the appellate court again found the trial court erred in imposing the sentence. The appellate court specifically found that running the sentences concurrently was not the same as merging them, and again remanded for a resentencing. *Id.* at ¶¶ 10, 14.

In August 2017, the trial court conducted a second resentencing. *See State v. Anthony*, 2018-Ohio-2050, at ¶ 5 (Ohio Ct. App.) ("*Anthony III*"). This time, the State elected to proceed to sentencing on the involuntary manslaughter charge, and the court sentenced Petitioner to eleven years imprisonment. *Id.*

In his habeas Petition, Petitioner raised three grounds for relief:

**Ground One:** Anthony's Constitutional and Due Process rights were violated when the trial court accepted Anthony's guilty plea to the charge of manslaughter despite the elements of the charge not being supported by facts of the case herein.

**Ground Two**: Anthony asserts that his sentence is contrary to law because the trial court erred in enhancing Anthony's sentence under RVO specification without making the requisite findings. The record herein does not establish the criteria set forth in O.R.C. § 2929.14(B)(2)(a) or (b).

**Ground Three**: Trial court erred by using factual inaccuracies and/or inappropriate information as factors pursuant to O.R.C. § 2929.12, seriousness & recidivism factors to determine Defendant's length of sentence which resulted in a disproportionate sentence in violation of O.R.C. § 2929.11(B). Therefore, making Defendant's sentence contrary to law.

(Doc. 1, at 6, 7, 9).

The R&R recommends the Court (1) dismiss Ground One as a non-cognizable issue of state law, and alternatively find it is procedurally defaulted; (2) deny Ground Two as lacking merit; and (3) dismiss Ground Three as raising only a non-cognizable issue of state law and without merit.

## STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213–14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General

objections, by contrast, ask this Court to review the entire matter *de novo*, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. American Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn. 2018); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

## DISCUSSION

In his objections, Petitioner contends his Double Jeopardy and Due Process rights were violated by his sentencing, and that jurisdictional issues are not waived by a guilty plea. *See generally* Doc. 13-4. At the outset, the Court notes Petitioner's objections in large part simply restate the arguments presented to the Magistrate Judge regarding Grounds One and Two[1], rather than pointing to any specific error in the R&R. Indeed, in his objections, Petitioner in part simply pastes a portion of a supplemental filing he submitted to the Magistrate Judge after his Reply brief. *Compare* Doc. 13-4, at 8-12 (objections) *with* Doc. 10, at 2-5 (Motion to File Second Supplement). Nevertheless, the Court has carefully reviewed Petitioner's objections in their entirety as set forth below, and the R&R

---

1. Petitioner does not present any specific argument in his Objections as to Ground Three – that he received a disproportionate sentence in violation of Ohio Revised Code § 2929.11(B). The Court has reviewed the R&R and agrees with its recommendation as to Ground Three.

4

Ground One

In Ground One, Petitioner argues his constitutional rights were violated when the trial court accepted his guilty plea to involuntary manslaughter because the elements of that charge were not established. But "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). That is, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* Instead, "[h]e may only attack the voluntary and intelligent character of the guilty plea." *Id.* A review of the state court record shows Petitioner did not raise such a claim to the state courts. And a claim that there was an insufficient factual basis for a guilty plea is non-cognizable on habeas review. *See Watkins v. Lafler*, 517 F. App'x 488, 500 (6th Cir. 2013).

Furthermore, even if the claim were cognizable, it is procedurally defaulted because Petitioner did not raise it at the first opportunity to do so, and the state court found it barred by *res judicata* when Petitioner attempted to assert it on appeal from his re-sentencing. *See Anthony III*, 2018-Ohio-2050, at ¶ 9.

Thus, the Court overrules Petitioner's objections to the R&R on Ground One.

Ground Two

In Ground Two, Petitioner asserts his sentence is contrary to law because the trial court enhanced that sentence through a repeat violent offender specification without making the requisite statutory findings.

The R&R recommends this ground be denied as without merit because the trial court – at Petitioner's second resentencing – did not enhance Petitioner's sentence based on the specification.

*See* Doc. 11, at 14; *see also Anthony III*, 2018-Ohio-2050, ¶ 11 ("The record indicates that the trial court did not impose a sentence on the RVO specification. (Tr. 6–7.) Therefore, this claim lacks support in the record.").

Findings of fact by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, erroneous factual findings by the state court. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013). In his objections, Petitioner quotes from the transcript of his November 19, 2013 change of plea hearing, seemingly in an attempt to demonstrate the state court factual findings are inaccurate. *See* Doc. 13-4, at 8-10 (quoting Ex. 47, Doc. 7-1, at 456-63). But (as the R&R points out), at the second resentencing, the trial court explicitly declined to enhance Petitioner's sentence based on the repeat violent offender specification. (Ex. 48, Doc. 7-1, at 480-81). Thus, this ground lacks merit and the court overrules Petitioner's objection.

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Baughman's R&R (Doc. 11) be, and the same hereby is, ADOPTED as the Order of this Court, and the Petition (Doc. 1) is DENIED and DISMISSED as set forth therein; and it is

FURTHER ORDERED that Petitioner's request for an evidentiary hearing is DENIED for the reasons set forth in the R&R; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

       s/ *James R. Knepp II*
       UNITED STATES DISTRICT JUDGE